PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| AMERITOX, LTD., | ) | |
| | ) | CASE NO.  1:13MC082 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MILLENNIUM LABORATORIES, INC., | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 1] |

Pending is Plaintiff's Motion to Compel Brandon Worley to Produce Documents in

Response to Subpoena *Duces Tecum* (ECF No. 1), filed on September 27, 2013.  On April 8,

2011, the underlying lawsuit for alleged unfair and illegal business practices that began in 2008

was filed in the United States District Court for the Middle District of Florida, Tampa Division,

being Case No. 8:11-cv-775-T-24-TBM ("Florida Litigation").  *See* ECF No. 1-5; *see also* ECF

No. 1-6.  Plaintiff and Defendant are competitors providing urine drug testing services to health

care providers.  The Court has been advised, having reviewed the record,[1] the parties' briefs and

the applicable law.  For the reasons set forth below, the Court grants the motion.

On April 13, 2009, Defendant entered into a formal consulting agreement with BNJ

Medical Consultants, LLC ("BNJ") and its owners—Brandon Worley ("Worley"), Nick DePriest

(DePriest"), and Jason Bristol ("Bristol")—through which they would serve as sales

---

[1]  The Florida Litigation is currently set for a Pretrial Conference on May 9, 2014
and jury trial on June 2, 2014.  *See* ECF No. 11.

(1:13MC082)

representatives for Defendant.  *See* ECF No. 1-12; *see also* ECF Nos. 1-14, 1-15, 1-16, and 1-18.

BNJ remained under contract with Defendant until August 31, 2009.  *See* ECF No. 1-16; *see also*

ECF No. 1-18.  Before entering into the formal agreement, Worley, DePriest, and Bristol

provided sales representative services to Defendant as 1099 independent contractors.  *See* ECF

No. 1-15.  On September 1, 2009, Worley, DePriest, and Bristol became employees of

Defendant.  *See* ECF Nos. 1-12, 1-14, 1-16, and 1-18.

In September 2012, Plaintiff served a subpoena *duces tecum* (ECF No. 1-1) upon Worley,

a third-party to the Florida Litigation,[2] seeking the production of documents with a time scope of

January 1, 2008 through August 29, 2012.[3]  Plaintiff seeks documents related to BNJ's or

Worley's communications with Defendant's actual or potential customers; documents provided

to Defendant's actual or potential customers; sale, marketing, promotion, and pricing of

Defendant's products or services; point of care urine testing cups ("POCT"), drug testing

supplies, in-office chemical analyzers, and any other drug testing devices; communications with

third-party Aldora Bristol regarding consulting services that she performed for Defendant's

customers; and billing for POCT tests.  Plaintiff seeks these documents from Worley "as [an]

employee[ ] of BNJ . . . and as [an] individual[s] and not as [a] current employee[ ] of

[Defendant]."  ECF Nos. 1-9 and 1-17.

---

[2]  Worley is currently a Regional Vice President of Defendant.

[3]  The parties to the Florida Litigation have agreed that the time period for
responsive documents is January 1, 2008 through August 29, 2012.  *See* ECF No. 1-7.

(1:13MC082)

On January 23, 2013, Worley did produce emails from his personal email account dated April 6, 2009[4] through August 31, 2009.  *See* ECF No. 1-12; *see also* ECF Nos. 1-13 and 1-14.  He did not withhold any documents as allegedly irrelevant for that time period.  *See* ECF Nos. 1-12 through 1-18.  Worley does, however, refuse to produce documents dated before BNJ entered into the consulting agreement.  He argues that documents dated before April 13, 2009 are irrelevant and the subpoena is unduly burdensome.

Plaintiff's Motion to Compel Brandon Worley to Produce Documents in Response to Subpoena *Duces Tecum* (ECF No. 1) is granted.  Worley shall forthwith produce the remaining documents, dated January 1, 2008 through April 13, 2009, within his possession, custody, or control regarding communications with third-parties or among himself, DePriest, and Bristol to which Defendant was not a party that are responsive to the subpoena.  *See Ameritox, Ltd. v. Millennium Laboratories, Inc.*, No. 1:13-mc-00051-UA-JEP (M.D.N.C. filed December 31, 2013) (granting plaintiff's motion to compel third-party Nick DePriest to the extent that production will be required as provided in the parties' joint submission); *see also Ameritox, Ltd. v. Millennium Laboratories, Inc.*, No. 8:11-cv-775-T-24-TBM (M.D. Fla. filed Dec. 12, 2013) (in response to plaintiff's motion to compel third-party Jason Bristol, Defendant ran some 60 search

---

4  Worley previously represented that BNJ's consulting agreement with Defendant began on April 6, 2009, such that he produced documents dated between April 6, 2009 and April 13, 2009.  *See* ECF No. 1-12; *see also* ECF No. 1-14.  After he clarified that the date of the consulting agreement was April 13, 2009, Worley revised his objection accordingly to object to producing documents dated before April 13, 2009.  *See* ECF No. 1-14.

(1:13MC082)

terms against Bristol's personal and company email and, thereafter, produced the emails,

including those from 2008).


IT IS SO ORDERED.


 May 6, 2014                                     /s/ Benita Y. Pearson
Date                                          Benita Y. Pearson
                                              United States District Judge

4